# IN THE COURT OF APPEALS OF IOWA

No. 18-1097
Filed September 11, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KOMUT MAI,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carla Schemmel, Judge.

A defendant appeals his conviction following the denial of his motion to suppress. **REVERSED AND REMANDED.**

Beau A. Bergmann of Bergmann Law Firm, P.L.L.C., Mt. Pleasant, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Komut Mai appeals the judgment and sentence following the denial of his motion to suppress. Mai maintains the officer did not have reasonable suspicion to stop the vehicle in which he was a passenger. Because we find the officer did not have a reasonable, articulable suspicion to stop the vehicle, we reverse the denial of Mai's motion to suppress and remand for further proceedings.

## I.      Background Facts & Proceedings

On January 24, 2017, at around 6:00 p.m., Des Moines Police Officer Ryan Garrett received a radio report of reckless driving by a silver Audi. The report included the Audi's license plate number. The officer drove to the reported location to look for the vehicle. While looking, he received a second report of a man in the same silver Audi pointing a gun at the 911 caller. As the officer drove north on 24th Street, a woman driving a southbound vehicle stopped to tell him the vehicles he was looking for were just behind her.

Officer Garrett activated his lights and stopped two vehicles: a silver Audi with the license plate number identified in the 911 calls and a tan Chevy Impala. Four persons were in the Audi, two were in the Chevy. Mai was the passenger in the Chevy. Prior to stopping the vehicles, Officer Garrett did not witness any reckless driving and did not see the reported gun.

Backup officers arrived to assist Officer Garrett, who had drawn his service weapon on the vehicles, and everyone was ordered out of both vehicles. During the subsequent searches of the vehicle occupants, marijuana and cash were found in Mai's pocket.

Mai filed a motion to suppress, asserting the stop of the vehicle he was in was illegal and all evidence obtained from the stop should be suppressed. The district court found the eyewitness report telling the officer "the two cars behind her were the ones involved" considered together with the earlier 911 reports about the silver Audi constituted reasonable suspicion to stop the Chevy as well as the Audi. The court denied Mai's motion.

Following a trial on the minutes of testimony, the court found Mai guilty of possession of a controlled substance with intent to deliver. Mai appeals.

## II. Standard of Review

When a challenge to a ruling on a motion to suppress raises constitutional grounds, our review is de novo. *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998). We conduct "an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* We give "deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but [we are] not bound by such findings." *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011) (citation omitted).

## III. Analysis

Mai contends the vehicle was stopped in violation of both federal and state constitutions. "Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). "Stopping an automobile and detaining its occupants constitutes a seizure under the Fourth Amendment." *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013). An officer must have "a reasonable suspicion supported by articulable facts that

criminal activity may be afoot" to stop and briefly detain a person for investigative purposes. *Id.*

> When a person challenges a stop on the basis that reasonable suspicion did not exist, the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred. Mere suspicion, curiosity, or hunch of criminal activity is not enough. Whether reasonable suspicion exists for an investigatory stop must be determined in light of the totality of the circumstances confronting the officer, including all information available to the officer at the time the officer makes the decision to stop the vehicle.

*State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004) (internal citations omitted). "For [a] tip to give rise to reasonable suspicion, . . . the tip must have some indicia of reliability in its assertion of illegality and its tendency to identify a determinate person." *Kooima*, 833 N.W.2d at 207 (discussing the United States Supreme Court holding in *Florida v. J.L.*, 529 U.S. 266, 272 (2000)).

Officer Garrett was dispatched to the area based on a tip of reckless driving by a silver Audi with a specific license plate, with no mention of a tan Chevy. As he was searching for the Audi, a second tip came in that a passenger in a silver Audi with the same license plate had pointed a gun at the 911 caller. Again, no mention was made of a tan Chevy. The final tip the State relies on is from an unknown female driver stopping the officer and stating the vehicles behind her were the ones the officer was looking for. The female driver did not make specific allegations of criminal activity when she stopped the officer, nor did she specify the tan Chevy beyond a general "behind her" location.

At the point the officer stopped the tan Chevy, no facts had been articulated alleging criminal activity by the occupants of the Chevy—the articulated facts

pertained only to the silver Audi. The officer testified, "At that time I arrived, sir, no one was breaking any traffic laws." An objective review of the totality of the circumstances requires us to find the officer did not have sufficient grounds to stop the tan Chevy. The stop violated Mai's rights under the Fourth Amendment, and all evidence obtained following the stop is inadmissible.[1] We reverse the trial court's ruling denying the motion to suppress and remand the case for further proceedings.

**REVERSED AND REMANDED.**

---

[1] Because we find the stop unconstitutional under the Fourth Amendment, we need not address Mai's arguments under the Iowa Constitution.